UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DARYL T. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-331-CCS |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 15]. Now before the Court is the Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 16 & 17] and the Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 25 & 26]. Daryl T. Jones ("the Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner"). For the reasons that follow, the Court will **DENY** the Plaintiff's motion, and **GRANT** the Commissioner's motion.

**I.    PROCEDURAL HISTORY**

On August 20, 2013, the Plaintiff filed an application for supplemental security income ("SSI"), claiming a period of disability which began February 28, 2003. [Tr. 123, 186]. After his application was denied initially and upon reconsideration, the Plaintiff requested a hearing before

---

[1] During the pendency of this case, Nancy A. Berryhill replaced Acting Commissioner Carolyn W. Colvin. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the Defendant in this case.

an ALJ. [Tr. 85]. A hearing was held before the ALJ on June 22, 2015. [Tr. 31-46]. During the hearing, the Plaintiff amended his alleged onset date to August 20, 2013. [Tr. 33]. On August 21, 2015, the ALJ found that the Plaintiff was not disabled. [Tr.14-30]. The Appeals Council denied the Plaintiff's request for review. [Tr. 1-6]. Thus, the ALJ's decision became the final decision of the Commissioner.

Having exhausted his administrative remedies, the Plaintiff filed a Complaint with this Court on June 16, 2016, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II. ALJ FINDGINS

The ALJ made the following findings:

> 1. The claimant has not engaged in substantial gainful activity since August 20, 2013, the application date (20 CFR 416.971 *et seq*.).
>
> 2. The claimant has the following severe impairments: dysfunction – major joints; chronic obstructive pulmonary disease; and affective disorders (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d)), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except standing and walking four hours; sitting six hours; no ropes, ladders, or scaffolds; overhead reaching occasionally, bilaterally; no concentrated exposure to fumes or other respiratory irritants; no exposure to hazards; and simple unskilled.
>
> 5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

2

6. The claimant was born on August 10, 1963 and was 50 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since August 20, 2013, the date the application was filed (20 CFR 416.920(g)).

[Tr. 19-26].

### III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence.  ; *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted).

**IV. ANALYSIS**

This case involves an application for SSI benefits. To qualify for SSI benefits, an individual must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.202. An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. *See* 42 U.S.C. § 1382(a).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §1382c(a)(3)(A); 20 C.F.R. § 416.905(a). A claimant will only be considered disabled if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage

4

in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B); *see* 20 C.F.R. § 416.905(a).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). The claimant bears the burden of proof at the first four steps. *Id.* The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

On appeal, the Plaintiff argues that the ALJ did not properly evaluate the opinions of consultative examiners, Robert Blain, M.D., and Dennis Spjut, Ph.D. [Doc. 17 at 7-14]. The Plaintiff submits that the examiners' opinions are consistent with other record evidence and as such, the limitations they rendered should have been incorporated into the Plaintiff's RFC. [*Id.*].

5

The Court will address each examiners' opinion in turn.

### 1. Opinion of Robert Blain, M.D.

Dr. Blaine performed an examination on October 30, 2013. [Tr. 253-55]. Dr. Blaine noted allegations of anemia, bilateral shoulder pain, peripheral vision problems, chronic cough, and a history of alcohol and drug abuse. [Tr. 253]. During the examination, the Plaintiff got on and off the examination table without difficulty; he was mildly dyspneic at rest and became more dyspneic with exertion; he exhibited normal range of motion in his joints, except for reduced range of motion in his shoulders, and full strength in his arms, legs, and hands. [Tr. 254]. In addition, the Plaintiff was negative for straight leg raises, had normal station and gait, could tandem walk, walk heel-to-toe, squat, and stand on one leg. [Tr. 254-55]. Dr. Blaine diagnosed chronic anemia, bilateral rotator cuff injuries, decreased peripheral vision, chronic cough and wheezing, and a history of alcohol abuse. [Tr. 255]. Dr. Blaine assessed that the Plaintiff could stand or walk for three hours in an eight-hour day, he could sit for eight hours with reasonable rest breaks, and he could lift and carry up to 30 pounds infrequently. [Tr. 255].

In the disability decision, the ALJ gave "great weight" to the opinions rendered by the non-examining state agency physicians. [Tr. 24]. The state agency physicians opined that the Plaintiff could perform light work,[2] including that he could stand and/or walk for six hours and sit for six hours in an eight-hour workday. [Tr. 54, 68]. In addition, the state agency physicians found Dr. Blaine's opinion to be without substantial support from the evidence of record, rendering the opinion less persuasive. [55-56, 70]. In giving the state agency physicians' opinions "great

---

[2] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pound" and "a good deal of walking or standing" or "sitting most of the time with some pushing and pulling of arm or leg controls," 20 C.F.R. § 416.967.

weight," the ALJ likewise agreed with their assessment of Dr. Blaine's opinion. [Tr. 24].

The Plaintiff argues that the ALJ should have incorporated the more limiting walking and standing limitation opined by Dr. Blaine into the Plaintiff's RFC. [Doc. 17 at 9]. In support of his argument, the Plaintiff contends that it was error for the ALJ to defer to the opinions of the state agency physicians because their opinions were rendered prior to the Plaintiff receiving treatment from Cherokee Health Systems, and, therefore, the opinions were not based upon a review of these medical records. [*Id.*]. The Plaintiff explains that these later medical records document an abnormal EKG, diagnoses of tachycardia and COPD, and spirometry testing that revealed "severe obstruction – COPD," which, according to the Plaintiff, supports Dr. Blaine's walking and standing limitation. [*Id.* (citing Tr. 278-80, 299)].

The Court finds no merit in the Plaintiff's argument. "When an ALJ relies on a non-examining source who did not have the opportunity to review later submitted medical evidence," our appellate court "require[s] some indication that the ALJ at least considered these [new] facts before giving greater weight to an opinion that is not based on a review of a complete case record." *Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 642 (6th Cir. 2013) (internal citations and quotation marks omitted). Here, the ALJ considered the treatment records from Cherokee Health Systems, specifically noting the Plaintiff's diagnoses of tachycardia and COPD, as well as the results of an EKG and spirometry testing. [Tr. 23-24]. The ALJ observed that an EKG was performed but only revealed mild sinus tachycardia. [Tr. 23]. The Plaintiff, moreover, was otherwise asymptomatic with normal heartrate sounds. [Tr. 289-90]. The ALJ further noted spirometry testing revealed severe obstruction, but treatment notes also documented that the Plaintiff's COPD was nonetheless stable, and the Plaintiff was not taking his inhalers as instructed. [Tr. 23]. The Court finds that the ALJ properly considered this evidence which fails to undermine

7

the ALJ's reliance on the state agency physicians' opinions.

Therefore, the Court finds that the ALJ properly considered Dr. Blaine's opinion and substantial evidence supports the walking and standing limitation incorporated in the Plaintiff's RFC.

### 2. Opinion of Dennis Spjut, Ph.D.

Dr. Spjut performed a psychological consultation on October 21, 2013, which consisted of a clinical interview, mental status examination, and administration of the Minnesota Multiphasic Personality Inventory-Critical Item List. [Tr. 247-51]. Based on the foregoing, Dr. Spjut diagnosed the Plaintiff with alcohol dependence, dysthymic disorder, dyssomnia NOS, and occupational problem-unemployed. [Tr. 251]. Dr. Spjut opined that the Plaintiff "generally would not have difficulty understanding instructions" but would experience "occasions when he has difficulty focusing his attention and concentration." [*Id.*]. In addition, because the Plaintiff lost 30% of his body weight in the past two years, the Plaintiff would not have the pace or endurance to function effectively in a competitive labor situation. [*Id.*]. Moreover, Dr. Spjut opined that the Plaintiff would be aware of most normal hazards but may have some difficulty taking precautions if quick movement was consistently required. [*Id.*]. Lastly, Dr. Spjut opined that the Plaintiff, who did not have a driver's license and had not driven in the past seven years, would not have any major difficulty traveling as a passenger. [*Id.*].

In evaluating the "paragraph B" criteria at step three of the disability determination, the ALJ found that the Plaintiff had "moderate difficulties" in regard to concentration, persistence, or pace. [Tr. 20]. The ALJ referenced Dr. Spjut's opinion, finding that "the claimant would not have difficulty understanding instructions; however, there are occasions when he has difficulty focusing his attention and concentration." [*Id.*]. As to the Plaintiff's RFC, the ALJ limited the Plaintiff, in

8

relevant part, to simple, unskilled work. [Tr. 20]. The ALJ specifically assigned "some weight to Dr. Spjut's assessment over the State Agency psychologists in finding that the claimant would be limited to simple unskilled work." [Tr. 24]. The limitation of simple, unskilled work was also included in a hypothetical question the ALJ posed to the VE during the administrative hearing. [Tr. 43-44]. Relying on the VE's response, the ALJ concluded at step five that other work existed in the national economy that the Plaintiff could perform. [Tr. 25-26].

The Plaintiff argues that the ALJ failed to properly evaluate Dr. Spjut's opinion with regard to his attention and concentration limitation. [Doc. 17 at 7]. The Plaintiff states that the ALJ's step three determination defers to Dr. Spjut's finding that the Plaintiff has moderate difficulties in this area but said limitation is not accounted for in the ALJ's RFC assessment, because the Plaintiff is only limited to simple, unskilled work which, according to the Plaintiff, does not account for the attention and concretion limitation opined by Dr. Spjut and adopted by the ALJ at step three. [*Id.* at 8-9, 11]. The Plaintiff further argues that the ALJ's error was compounded at step five because the hypothetical question posed to the VE only included a limitation of simple, unskilled work rather than the specific moderate limitation assessed by Dr. Spjut. [*Id.* at 12-13].

At the outset, the Court notes that an ALJ's step three finding is not an RFC determination. 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00.A. "The mental RFC assessment used at steps four and five of the sequential evaluation process requires a more detailed assessment by itemizing the various functions contained in the broad categories found in paragraphs B. . . ." Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *4 (July 2, 1996). Step three regulates a "narrow category of adjudicatory conduct" in that it "governs the organization and evaluation of proof of listed impairments that, if supported, renders entitlement to benefits a foregone conclusion." *Combs v. Comm'r of Soc. Sec.*,

9

459 F.3d 640, 649 (6th Cir. 2006) (en banc). A claimant's RFC, on the other hand, is a subsequent determination that is distinct and separate from any findings made at step three. *See Turbeville v. Colvin*, No. 1:12-CV-00061, 2014 WL 6605483, at *10 (M.D. Tenn. Nov. 19, 2014) ("[Step 3 and the RFC] are separate steps and a finding at one step does not necessarily equate to the same finding being made at a later step."). Therefore, the fact that the ALJ found the Plaintiff was moderately limited in concentration, persistence, or pace at step three, referencing Dr. Spjut's finding that the Plaintiff would occasionally have difficulty focusing his attention and concentration, was a finding made with specific regard to step three only.

In the RFC portion of the decision, the ALJ only gave "some weight" to Dr. Spjut's opinion over the opinions rendered by the state agency psychologists who found that the Plaintiff would not be limited to unskilled work and who further concluded that Dr. Spjut's opinion was vague and unsupported by other evidence in the record. [Tr. 24, 56-57, 70-71]. In giving Dr. Spjut's "some weight," the ALJ did not explicitly defer to Dr. Spjut's finding that the Plaintiff would have occasional difficulty focusing his attention and concentrating. Nonetheless, to the extent that the ALJ's limitation of simple, unskilled work was meant to accommodate Dr. Spjut's limitation in attention and concentration, the Court finds that the RFC assessment and hypothetical question was appropriate.

In *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 436-37 (6th Cir. 2014), the Sixth Circuit Court of Appeals rejected the plaintiff's argument that an RFC and hypothetical question that included "simple, routine, repetitive tasks" did not accommodate or accurately represent the moderate limitations in concentration, persistence, or pace opined by a state agency consultant whom the ALJ relied on in assessing the plaintiff's RFC. The state agency consultant had found that the plaintiff was moderately limited in her ability "to maintain attention and

10

concentration for extended periods." *Id.* at 436. The Sixth Circuit concluded that limiting the plaintiff to "simple, routine, repetitive tasks" adequately conveyed the plaintiff's moderate limitation because the state agency consultant "did not place any concrete functional limitations on her abilities to maintain attention, concentration or pace when performing simple, repetitive, or routine tasks." *Id.* at 437 (distinguishing *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010), in which case the Sixth Circuit concluded that an RFC assessment and hypothetical question that included the limitation "simple repetitive tasks and instruction in nonpublic work settings" truncated the opinion rendered by the claimant's doctor who found that the claimant was limited to "simple, repetitive tasks [for] [two-hour] segments over an eight-hour day were speed was not critical"). Our appellate court has subsequently held that "[c]ase law in this Circuit does not support a rule that a hypothetical providing for simple, unskilled work is *per se* insufficient to convey moderate limitations in concentration, persistence and pace." *Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 635 (6th Cir. 2016).

In the instant case, the Court finds the limitation of simple, unskilled work adequately conveyed Dr. Spjut's moderate limitation that the Plaintiff would have occasional "difficulty focusing his attention and concentration." Like the state agency consultant in *Smith-Johnson*, Dr. Spjut did not render any "concrete functional limitations" in opining that the Plaintiff would have moderate difficulty in this area. Accordingly, the Court finds that the Plaintiff's RFC assessment and the hypothetical presented to the VE are supported by substantial evidence. *See Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001) ("A vocational expert's testimony concerning the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that accurately sets forth the plaintiff's physical and mental impairments.").

## V. CONCLUSION

Based on the foregoing, the Plaintiff's Motion for Summary Judgment [**Doc. 16**] will be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 25**] will be **GRANTED**. The decision of the Commissioner will be **AFFIRMED**. The Clerk of Court will be directed to **CLOSE** this case.

ORDER ACCORDINGLY.

s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge